Ex parte FARNSWORTH.

(Court of Criminal Appeals of Texas. March 1, 1911.)

1. MUNICIPAL CORPORATIONS (§ 108*)—PROCEEDINGS OF COUNCIL — ORDINANCES—VALIDITY—STATUTORY PROVISIONS.

Sp. Acts 30th Leg. c. 71, approved April 13, 1907, enacted a city charter containing initiative and referendum provisions, which by article 2, § 8, subd. 27, empowered the city to regulate and fix charges of local telephones, and by subdivision 7 delegated such power to the board of commissioners or city council, who were required to give notice and grant hearings to parties affected by the regulations, and by article 8, § 1, provided for petition for a proposed ordinance and a submission of it to vote. The board without itself enacting any ordinance relating to telephone rates or making rules for notice and hearing of a proposed ordinance relating thereto received a petition for a proposed ordinance regulating telephone rates, and submitted it to the people at a special election, at which it received a majority of votes, and by order of the board was placed with the city ordinances as an enacted ordinance. *Held,* that the ordinance as enacted was invalid.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 108.*]

2. EVIDENCE (§ 31*)—JUDICIAL NOTICE—LAWS OF STATE—SPECIAL LAW—CITY CHARTER.

The court is required to take judicial notice of the Sp. Acts 30th Leg. c. 71, approved April 13, 1907, enacting a charter for the city of Dallas, as if it were a general law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 40, 41; Dec. Dig. § 31.*]

3. MUNICIPAL CORPORATIONS (§ 57*)—POWERS AND FUNCTIONS IN GENERAL.

An incorporated city has only such power and authority as is granted to it by its charter.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 144; Dec. Dig. § 57.*]

4. MUNICIPAL CORPORATIONS (§ 106*)—ORDINANCES—VALIDITY.

No ordinance of an incorporated city is valid unless and until the statutory prerequisites to its enactment are substantially complied with.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 221–228; Dec. Dig. § 106.*]

Original habeas corpus granted on petition of J. E. Farnsworth. Petitioner ordered discharged.

See, also, 135 S. W. 535.

A. P. Wozencraft, W. S. Bramlitt, and D. A. Frank, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is an original habeas corpus granted by this court.

There is an agreed statement of facts in the case, from which it is shown that some time prior to April 5, 1910, there was presented to the board of commissioners of the city of Dallas by a petition signed by at least 5 per cent. of the entire vote cast for all candidates for mayor at the last preceding general election at which a mayor was elected an ordinance under the initiative and referendum provisions of the charter of the

city of Dallas enacted by the Thirtieth Legislature, and approved April 13, 1907 (Sp. Acts 30th Leg. c. 71). This ordinance fixed the maximum rates for telephone service, and provided, among other things, that the bills for telephone service should become due and be presented on the 1st of the month following the service, such bills to be subject to a discount of 10 per cent. if paid on or before the 10th day of said month. It also provided that any person who shall violate any of the provisions of the ordinance should be fined $200 upon conviction in the corporation court of the city of Dallas.

Relator was the manager and directing officer of the Southwestern Telegraph & Telephone Company. Said telephone company was on and long before July 31, 1910, engaged in operating a telephone system in the city of Dallas by virtue of a franchise theretofore granted from the city of Dallas to it. A complaint was filed charging that on said day, July 31, 1910, relator unlawfully had cut off and disconnected said telephone service from A. O. Anderson who was a citizen of Dallas, residing within its corporate limits, and who was then a subscriber and had one of the telephones of said company; that the relator had presented the bill for July before August 1st and had cut off and discontinued said Anderson's telephone because he had refused to pay the amount charged therefor for July, 1910, in advance before the service was rendered, in violation of said ordinance. Thereupon a warrant was issued, and he was arrested and held by the city marshal of Dallas by virtue of said complaint and warrant issued thereunder. The relator denied that the purported ordinance was an ordinance of any character of said city, and denied that the same was a valid ordinance thereof.

It further appears that said ordinance was never enacted by the mayor and board of commissioners, and was, in fact, in no way acted on by the mayor and board of commissioners other or further than when it was presented by the per cent. of said electors in Dallas they had the city secretary to ascertain whether or not there was a sufficient number of qualified voters signing said petition, and, upon it being ascertained and certified by the secretary that the requisite number had signed, the commissioners ordered an election to be held thereon, which election was held on April 5, 1910, and at said election a majority of the qualified voters in Dallas voted for the enactment of said ordinance. All this was ascertained and declared by the commissioners, and thereupon it was ordered by the commissioners that said ordinance be placed in the ordinance records of the city as an ordinance enacted, not by them, but by the voters under the initiative and referendum provisions of the charter. In other words, the mayor and board of commissioners did not enact the ordinance, but simply and solely, under the said initiative and referendum provisions of said charter, let the voters enact it. The Legislature in enacting said charter requires the courts to take judicial knowledge thereof, in effect, the same as if it was a general law passed by the Legislature. Section 1, art. 8, of that charter, among other things, provides that any proposed ordinance may be submitted to the board of commissioners by a petition signed by registered electors of the city equal in number to 5 per cent. of voters, and that, after ascertaining the facts, making it necessary in accordance with said charter to submit the same to a vote of the people at an election held for that purpose. All of the prerequisites necessary under the initiative and referendum clause of the charter were by the mayor and board of commissioners ascertained to have been complied with, and at the election held for that purpose a majority of the voters who voted, voted in favor of its adoption.

By subdivision 27, § 8, art. 2, of the charter, it is, among other things, provided that the city "shall have the power by ordinance to regulate and fix the rates, tolls and charges of local telephones and exchanges." Subdivision 7 of section 8 of said article, among other things, provides: "The right is hereby delegated to the city of Dallas acting through its board of commissioners to determine, fix and regulate the charges, fares or rates of any person, firm or corporation enjoying or that may enjoy a franchise or exercising any other public privilege in said city, and to prescribe the kind of service to be furnished by such person, firm or corporation, and the manner in which it shall be rendered, and from time to time to alter or change such rules, regulations, and compensation." But it is also required by said section that the board shall make rules and regulations granting a fair hearing to persons or corporations to be affected by such regulations, and that no change therein shall be adopted except after notice to the persons affected and after a fair hearing shall be granted them. It appears that the board did not make rules and regulations for such hearing at the time or before said ordinance was presented to them, nor that there was ever at any time a fair hearing given to said telephone company before said ordinance was presented, or at any other time. It is elementary in this state that an incorporated city thereof has only such power and authority as is granted to it by the charter, and that no ordinance of such city is valid unless and until the prerequisites to its enactment are substantially complied with.

It is contended, in effect, that under the initiative and referendum provision of the charter of Dallas the voters in the manner that it was done had the right and power to enact the said ordinance, and that it is valid and binding, notwithstanding it was neither enacted by the board of commissioners, nor

prior to its submission to the voters, the said board had provided rules and regulations for hearing said telephone company, and thereunder given it a fair hearing as to the provisions of said ordinance before it was enacted. We cannot sustain this contention. As is shown above, the said ordinance was passed by the voters, and not by the board of commissioners, and that, too, without a hearing of any kind under rules and regulations prescribed and adopted by the board. Therefore said ordinance is invalid, and not effective in the city of Dallas. See Southwestern Telegraph & Telephone Co. v. City of Dallas (recently decided by the Supreme Court, and not yet officially reported) 134 S. W. 321, and Ex parte J. E. Farnsworth (this day decided by this court) 135 S. W. 535.

The relator, therefore, being illegally held in restraint by virtue of the said warrant under a complaint charging an offense under an ordinance that is invalid and void, is hereby ordered discharged.